E. H. FREEMAN ELECTRIC CO. v. GENERAL ELECTRIC CO.

(Circuit Court of Appeals, Third Circuit.   November 6, 1911.)

No. 1,525.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—LAMP SOCKET.
    The Sargent patent, No. 665,582, for an electric lamp socket having a yielding insulating lining, held in place in the cap by interior retaining means in the cap, was not anticipated, and is valid, both as to general and specific claims; also *held* infringed.

Appeal from the Circuit Court of the United States for the District of New Jersey.

Suit in equity by the General Electric Company against the E. H. Freeman Electric Company. Decree for complainant, and defendant appeals. Affirmed.

For opinion below, see 190 Fed. 34.

D. P. Wolhaupter and Melville Church, for appellant.
Samuel Owen Edmonds, for appellee.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below the General Electric Company, owner of patent No. 665,582, granted January 8, 1901, to Sargent, for a lamp socket, filed a bill against the E. H. Freeman Electric Company, charging infringement of claims 1, 11, and

15 thereof. That court, in an opinion reported at 190 Fed. 34, held the claims valid and infringed. From a decree so holding the respondent appealed to this court.

The patent concerns a yielding, insulating lining for the cap of an electric light socket, held in place in the cap by the latter's interior retaining means. The device, its purpose, novelty, and efficiency, are so fully set forth in the opinion above referred to, that anything here said could be but a restatement. Referring to that opinion, therefore. as the basis of this court's, we may say that a careful consideration of the case satisfies us that the decree in question should be affirmed, and in support of that view we briefly state the conclusions reached by us after a study of the case. These conclusions are:

1. Sargent made a contribution to the art, which has proved useful, efficient, and commercially successful.

2. Sargent's device was novel and patentable, for, while the desirability of insulating the inside of a socket was recognized, while the use of insulating material retained in place by its yielding nature in other portions of a socket was common, and while it was known in the bottle-stopping art that a yielding lining material could be sprung into the interior of a stopper and there retained, yet the existence of these elements in severalty suggested to no one their combined use to fill a recognized want in electric lighting.

3. There is nothing in the prior art that compels the restriction of the broad element of claim 1, viz., "interior retaining means," to the specific element of claim 2, viz., "a yoke secured in the crown of the cap, and provided with arms extending within the interior of the cap."

4. Under such conditions, following our previous decision in Ryder v. Schlichter, 126 Fed. 487, 61 C. C. A. 469, we give effect to all parts of the patent by enforcing a construction that makes both generic and specific claims effective.

The decree of the court below will therefore be affirmed.